MILLER, PJ, DEEDS, J, concur.

MILLER, Plaintiff-Appellee, v. INDUSTRIAL COMMISSION OF OHIO, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 5475. Decided October 4, 1956.

Traxler & Beil, Marvin Traxler, of Counsel, Youngstown, Schwartz, Gurevitz & Schwartz, Columbus, for plaintiff-Appellee.

C. William O'Neill, Atty. Genl., James L. Young, Blaine T. Sickles, I. Charles Rhoads, Asst. Attys. Genl., Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is an appeal on questions of law from a judgment rendered in favor of the plaintiff by the Common Pleas Court of Franklin County, holding that plaintiff was entitled to participate in the benefits of the Workmen's Compensation Act of Ohio.

Plaintiff's decedent was employed by the Welfare Department of the State of Ohio as a clerk at the Columbus State Hospital. On June 8th, 1953, decedent was performing his usual work in the customary manner. On that date he was observed as he came off the elevator.

A witness who was seated at a desk, approximately thirty feet from the elevator, saw him leave the elevator in a falling position, as if he had stumbled. Subsequently, on July 29th, 1953, decedent's right leg was amputated below the knee; and on October 27th, 1953, decedent died of cancer of the lung. The decedent had a long history of advanced arteriosclerosis, and about one year prior to the claimed injury he had a bilateral lumbar sympathectomy for relief of this arteriosclerotic condition.

There was expert medical testimony to the effect that the amputation of the leg, which was caused by a gangrenous condition of the right foot, aggravated the lung condition or accelerated the death of the decedent.

As we view it, the sole question is whether the decedent suffered an **accidental injury** during the course of his employment. In other words, did decedent suffer an **accidental injury** as he was leaving the elevator on June 8th, 1953?

There is no direct evidence in this case as to the cause of decedent leaving the elevator in a "falling position." Plaintiff claims decedent stumbled and sustained trauma to his great toe on his right foot. If decedent stumbled, there is no evidence to show what caused him to stumble. There is evidence that, on the day in question, when he arrived at his residence, the great toe on his right foot was inflamed and was placed in some solution to relieve the inflammation.

Different inferences may be drawn from the evidence, some favorable and some unfavorable to the plaintiff's case. "If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." **Stevens v. Industrial Commission, 145 Oh St 198, 61 N. E. (2d) 198.** The term "injury" as used in the Act has been defined recently by our Supreme Court in **Dripps v. Industrial Commission, 165 Oh St 407,** as follows:

"The term 'injury,' as used in the Ohio Workmen's Compensation Act, comprehends a physical or traumatic damage or harm accidental in

102

character and as a result of external and accidental means in the sense of being the result of a sudden mishap, occurring by chance, unexpectedly and not in the usual course of events, at a particular time and place."

On the same day the Supreme Court decided the case of Artis v. The Goodyear Tire and Rubber Co., 165 Oh St 412. On page 413 the Court said: "Since there is no evidence in the present case that the injury resulted from a sudden mishap or by accidental means, claimant has failed to establish his right and is not entitled to participate in the fund." This is the situation in the instant case.

In the case of Gerich v. Republic Steel Corp., 153 Oh St 463, 92 N. E. (2d) 393, Judge Hart collates a number of cases in which an injury has or has not been found to be compensable. After making a careful examination of these cases, and in the application of the rule laid down in the Dripps case as to what constitutes an "injury" as used in the Act, we are convinced that the evidence in the instant case fails to show a compensable injury.

The Common Pleas Court erred in overruling defendant's motion for a directed verdict and for judgment notwithstanding the verdict; the judgment is against the manifest weight of the evidence, and contrary to law.

Finding errors in the record prejudicial to the rights of the appellant, the judgment is reversed. Judgment entered for defendant.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.